*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JODIE SCOTT,

Plaintiff-Appellant,

v

BANGOR TOWNSHIP SCHOOL DISTRICT,

Defendant-Appellee.

UNPUBLISHED
May 12, 2025
9:26 AM

No. 370313
Bay Circuit Court
LC No. 22-003480-CD

Before: O'BRIEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

In this sex discrimination case brought under the Elliot-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.*, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(10). Because the trial court erred when it concluded that plaintiff failed to present a prima facie case of discrimination, we reverse the trial court's order and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff was hired by defendant in 1998 as the "athletic secretary." Plaintiff continued to work in this role until 2014, when she was promoted to the position of assistant athletics and program director. Plaintiff's promotion was the result of her taking on more responsibilities and working more hours in athletics. Subsequently, in 2018 when the then-acting athletic director took a leave of absence, plaintiff served as the interim athletic director. Likewise, in 2022, plaintiff served again as the interim athletic director after the active director resigned.

In both 2018 and 2022, plaintiff applied for but was not given the job as athletic director when that position was posted. In both instances, plaintiff was passed over for the job by two men, neither of whom actually applied for the position, but rather were administratively selected after defendant rejected plaintiff and other candidates. While both individuals who were eventually hired had administrative experience and postsecondary education, neither had experience working in an athletics department or coaching varsity teams.

-1-

After plaintiff was not selected for the position in 2022, she filed suit alleging one count of unlawful disparate treatment under the ELCRA. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff could not establish a prima facie case of discrimination because she was not qualified for the position and because there was no evidence of discriminatory intent. The trial court agreed that there was a lack of evidence of discriminatory intent and granted the motion. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Lockport Twp v Three Rivers*, 319 Mich App 516, 519; 902 NW2d 430 (2017). "A motion for summary disposition made under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. (quotation marks and citation omitted). "In deciding a motion under subrule (C)(10), the trial court views affidavits and other documentary evidence in the light most favorable to the nonmoving party." *Id*. (quotation marks and citation omitted). "Summary disposition under MCR 2.116(C)(10) is appropriate when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." *Id*. (quotation marks, citation, and brackets omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred when it granted summary disposition in favor of defendant because there were genuine issues of material fact concerning whether defendant exhibited discriminatory intent when it failed to hire plaintiff. Plaintiff also argues that, contrary to defendant's assertions, she presented sufficient evidence that she was qualified for the job. We agree.

Under MCL 37.2202, the ELCRA prohibits employers from discriminating on the basis of sex:

> (1) An employer shall not do any of the following:
>
> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

"Michigan courts and federal courts have recognized two broad categories of claims for sexual discrimination: 'disparate treatment' and 'disparate impact' claims." *Cunningham v Dearborn Bd of Ed*, 246 Mich App 621, 626 n 1; 633 NW2d 481 (2001). This case concerns a claim of disparate treatment because plaintiff alleged that defendant discriminated against her on the basis of her sex.

Disparate treatment claims that lack direct evidence of discrimination must proceed under the *McDonnell Douglas* burden-shifting framework. *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). Under this framework, the plaintiff must first establish a prima facie case. *Id*. at 463. To do so, the plaintiff must present evidence that "(1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the

job was given to another person under circumstances giving rise to an inference of unlawful discrimination." *White v Dep't of Transp*, 334 Mich App 98, 108; 964 NW2d 88 (2020) (quotation marks and citation omitted).

"[O]nce a plaintiff establishes a prima facie case of discrimination, the defendant has the opportunity to articulate a legitimate, nondiscriminatory reason for its employment decision in an effort to rebut the presumption created by the plaintiff's prima facie case." *Hazle*, 464 Mich at 464. "If the defendant gives a legitimate, nondiscriminatory reason for the employment decision, the presumption of discrimination is rebutted, and the burden shifts back to the plaintiff to show that the defendant's reasons were not the true reasons, but a mere pretext for discrimination." *White*, 334 Mich App at 108 (quotation marks and citation omitted). "At that point, in order to survive a motion for summary disposition, the plaintiff must demonstrate that the evidence in the case, when construed in the plaintiff's favor, is sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff." *Id*. at 109 (quotation marks and citation omitted). A plaintiff can demonstrate pretext "(1) by showing that the reason(s) had no basis in fact, (2) if the reason(s) had a basis in fact, by showing that they were not actual factors motivating the decision, or (3) if the reason(s) were motivating factors, by showing that they were jointly insufficient to justify the decision." *Meagher v Wayne State Univ*, 222 Mich App 700, 711-712; 565 NW2d 401 (1997), lv den 457 Mich 874.

In *Hazle*, 464 Mich at 458-459, the plaintiff, a black woman, alleged that she was denied a promotion to the position of office manager because of racial discrimination. The plaintiff had been working as a pension clerk for the Ford–UAW Retirement Board of Administration since 1980 and applied for the office manager position when it became available in 1994. *Id*. at 459. The position was ultimately given to a white candidate who was perceived to have more relevant experience. *Id*. at 459-460. The plaintiff filed suit claiming that the decision not to promote her was on the basis of racial discrimination. *Id*. at 460. The trial court granted summary disposition in favor of the defendants, concluding that the plaintiff had not established a prima facie case of discrimination. *Id*.

In affirming the trial court's decision, the Supreme Court stated that the plaintiff was required to establish a prima facie case of discrimination by showing that she belonged to a protected class, suffered an adverse employment action, was qualified for the position, and that the job was given to another person under circumstances giving rise to an inference of unlawful discrimination. *Id*. at 463. The Court found that the plaintiff met the all elements sufficient to establish a prima facie case. *Id*. at 468-471. With regard to the third element, the Court stated that the plaintiff satisfied it "by presenting evidence that she was qualified for the office manager position. Indeed, as stated, defendants themselves twice confirmed in writing their belief that plaintiff was among those who had the necessary qualifications for the position." *Id*. at 471. Similarly, the plaintiff satisfied the fourth element by presenting evidence that she "was rejected in favor of a less qualified white applicant." *Id*. Specifically, the plaintiff presented evidence that "(1) only plaintiff had a college degree and credits toward a master's degree in industrial relations, and (2) only plaintiff had substantial work experience with defendants." *Id*. at 472.

The defendants, however, articulated legitimate, nondiscriminatory reasons for hiring the white candidate, including her supervisory and financial experience, which they believed were necessary for the office manager position. *Id*. at 472-473. The court concluded that the plaintiff

did not provide sufficient evidence to show that these reasons were a pretext for racial discrimination because the plaintiff's subjective belief that she was more qualified was insufficient to establish discriminatory intent. *Id*. at 474.

Similar to the plaintiff in *Hazle*, plaintiff here presented sufficient evidence to survive summary disposition on the issue of whether she presented a prima facie case for discrimination. Defendant did not dispute in the trial court or in this Court that plaintiff is a member of a protected class or that she suffered an adverse employment action when defendant did not hire her for the athletic director position. See *White*, 334 Mich App at 108. Thus, at issue in this case are the third and fourth elements of the *McDonnell Douglas* burden-shifting framework: whether plaintiff was qualified for the position and whether there was evidence of discriminatory intent. See *White*, 334 Mich App at 108.

Contrary to defendant's arguments, plaintiff presented sufficient evidence that she was qualified for the position. As remarked by the Michigan Supreme Court, nothing in the *McDonnell Douglas* framework "suggests that a plaintiff is required to offer evidence of relative qualifications in order to establish a prima facie case of discrimination." *Hazle*, 464 Mich at 468. In other words, the plaintiff in a disparate treatment claim is not required "to offer evidence that he is at least as qualified as the successful candidate in order to establish a prima facie case under *McDonnell Douglas*." *Hazle*, 464 Mich at 469. Rather, "an employee is qualified if the employee was performing the job at a level that met the employer's legitimate expectations." *Town v Mich Bell Telephone Co*, 455 Mich 688, 699; 568 NW2d 64 (1997).

The minimum qualifications for the athletic director job required a bachelor's degree, and stated a preferred preference for candidates that had "athletics and successful head Varsity coaching experience . . . ." Plaintiff presented evidence that she met these qualifications. The unrebutted evidence shows that plaintiff obtained a bachelor's degree in business and marketing from Northwood University in 1993. In 1998, she joined the athletic department where she had been employed ever since. Moreover, at various times during her tenure in the athletic department, plaintiff served as the interim athletic director while a permanent candidate was hired. This evidence, at a minimum, was sufficient to raise a genuine issue of fact whether plaintiff was qualified.

Plaintiff also presented sufficient evidence to raise a genuine issue of fact regarding whether defendant exhibited discriminatory intent when it failed to hire plaintiff. Most glaring is the fact that in neither 2018 nor 2022 did defendant hire a candidate that applied for the job. Rather, both individuals that were hired did not submit application materials or sit for an interview. While it is true that Woods did perform an interview after the board of education did not vote to approve his contract, Woods was the only applicant at that point and it was clear the interview was performed as a formality to satisfy the concerns of the board of education. In addition, defendant faulted plaintiff for having a typographical error on her cover letter, stating that such errors were typically justification for rejecting a candidate. However, Woods also submitted a typographical error in the application materials he eventually submitted to defendant. In Woods's case, however, defendant downplayed the error but highlighted plaintiff's error as justification for not hiring her. And similar to the plaintiff in *Hazle*, neither individual hired for the job had substantial work experience with the athletic department, in contrast to plaintiff who had over 20 years' experience.

Plaintiff has established a prima facie case for discrimination on the basis of her sex; plaintiff presented evidence that raised issues of fact concerning whether she was qualified for the position and whether defendant exhibited discriminatory intent when it did not hire her. Accordingly, the trial court erred when it granted defendant's motion for summary disposition. And because the trial court did not address any of the remaining steps in the *McDonnell Douglas* framework, it must do so in the first instance on remand. See *Peterson Financial, LLC v Kentwood*, 337 Mich App 460; 976 NW2d 691 (2021).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello